1  Phillip B. Nghiem (State Bar No.: 291525)
   **PBN LAW GROUP**
2  **A PROFESSIONAL CORPORATION**
3  601 Parkcenter Drive, Suite 105
   Santa Ana, CA 92705
4  PH: (657) 333-5726
5  FX: (877) 488-3234

6  Attorneys for Plaintiff: Cynthia Loppe
7

8
9          **UNITED STATES DISTRICT COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
10

11  CYNTHIA LOPPE, an              **Case No.:** _____
    individual
12                                 **COMPLAINT FOR DAMAGES:**
          PLAINTIFF,
13                                 1. **THE FAIR DEBT**
    vs.                               **COLLECTION PRACTICES**
14                                    **ACT, 15 U.S.C. § 1692, ET**
    MIDLAND FUNDING, LLC,             **SEQ.; AND**
15  doing business in Ohio as
    MIDLAND FUNDING DE, LLC        **JURY TRIAL DEMANDED**
16  and DOES 1 to 5,

17        DEFENDANTS.
18

19

20      Plaintiff, Cynthia Loppe ("Plaintiff") through her counsel of record, PBN

21  Law Group, APC, claim against the Defendants, Midland Funding, LLC doing

22  business in Ohio as Midland Funding DE, LLC ("MIDLAND") as follows:
23

24  1. This case arises out of Midland's unlawful threats to garnish Plaintiff's

25     wages without any legal right to do so. Midland had an ulterior motive in
26

27
    _____
28                    **COMPLAINT FOR DAMAGES**
                                  1

threatening Plaintiff, which was to try and bully her into paying an allegedly owed debt.

2. Midland's conduct violates the federal Fair Debt Collection Practices Act.

3. By this Complaint, Plaintiff seeks to recover damages from Midland and enjoin Midland from continuing with its illegal collection practices.

4. Plaintiff makes these allegations on information and belief unless stated otherwise.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Midland were knowing and intentional, and that Midland did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Midland in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, of Midland.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

---

**COMPLAINT FOR DAMAGES**

9. This action arises out of Midland's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Because Midland does business within the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)-(c) because Plaintiff resides within the City of Santa Ana, County of Orange and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PLAINTIFF

12. Plaintiff is a natural person who resides in the City of Santa Ana, County of Orange, State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Midland is a debt collector as defined by 15 U.S.C. § 1692a(6) since it regularly collects debts on behalf of others.

## MIDLAND

15. Midland Funding, LLC is, and at all times mentioned herein a limited liability company with a business address of 3111 Camino Del Rio N. Suite 103.

**COMPLAINT FOR DAMAGES**

1   16. Midland is a debt collector as defined by 15 U.S.C. § 1692a(6) since it uses

2   the instruments of interstate commerce to undertake its principal business

3

4   purpose—which is, the collection of debts owed or due to another.

5   ## FACTUAL ALLEGATIONS

6   ## I.  The Improper Default Judgment Midland Obtained in Cleveland

7   17. Sometime in 2011, Plaintiff moved from her mother's home in Cleveland

8   to Texas and then eventually settled in California.

9

10   18. On August 20, 2012, Midland filed a collection lawsuit against Plaintiff in

11   the Cleveland Municipal Court.  Plaintiff did not respond to the complaint

12   since Plaintiff was never served with process.  Despite never serving

13

14   Plaintiff, Midland proceeded to obtain a default judgment against her.

15

16   19. Sometime in 2013, Plaintiff's mother notified Plaintiff that the Cleveland

17   Court had sent Plaintiff documents in connection with a court case.

18   Plaintiff, surprised since she never knew about the lawsuit, asked her mom

19   to immediately send her the documents for review.

20

21   20. After reviewing the documents, Plaintiff discovered that Midland had

22   obtained a default judgment against her in January of 2013.

23

24   21. Plaintiff contacted the Cleveland court to inquire about the lawsuit.

25   Plaintiff spoke with a clerk and advised the clerk that she was never served

26

27

28

## COMPLAINT FOR DAMAGES

4

with a copy of the lawsuit and it would have been impossible to do so at her Cleveland address since she left Cleveland in 2011. The clerk replied that she frequently sees this scenario with Midland and that Plaintiff should immediately contact Midland for resolution.

22. Heeding the clerk's advice, Plaintiff called Midland and spoke with a representative. Plaintiff apprised the representative that Plaintiff was never served with the lawsuit and that it was improper for Midland to sue her in Cleveland given that Plaintiff resided in California at the time the lawsuit was filed. Plaintiff also provided Midland with a copy of her utility bill establishing her residency in California.

23. On March 20, 2013, in tacitly acknowledging its error, Midland moved the Cleveland Court to vacate the default judgment the court entered against Plaintiff. The court granted Midland's motion and ordered the default judgment vacated on April 4, 2013 (Attached hereto as **Exhibit B** is a true and correct copy of the Cleveland Court's docket).

**II. Midland's Threat to Enforce a Non-Existent Judgment Against Plaintiff**

24. On July 11, 2016, Plaintiff received a letter from Midland addressed to her former address in Cleveland. The United States Postal Service forwarded

the letter to Plaintiff's California address.

25.Plaintiff was rightfully upset when she opened the letter to find a document

called "Notice of Court Proceeding to Collect Debt" dated July 1, 2016 (A

copy of the "Notice of Court Proceeding to Collect Debt is attached hereto

as **Exhibit A** and incorporated herein by reference).  The document

conspicuously states that:

**YOU CAN AVOID THE GARNISHMENT BY DOING ONE OF THESE THREE WITHIN THE FIFTEEN-DAY PERIOD."**

(1)Pay to us the amount due

(2)Complete the attached form entitled "Payment to Avoid Garnishment" and return it to us with the payment, if any shown due on it;

(3)Apply to your local municipal or country court or, if you are not a resident of Ohio, to the municipal or court in whose jurisdiction your place of employment is located, for the appointment of a trustee to receive the part of your earnings that is not exempt from garnishment and notify us that you have applied for the appointment of a trustee.  You will be required to list your creditors, the amount of their claims, the amounts due on their claims, and the amount you then will pay to your trustee each payday will be divided among them until the debts are paid off.  This can be to your advantage because in the meantime none of those creditors can garnish your wages."

26. Since the notice was dated July 1, 2016 and threatened Plaintiff with wage

garnishment within 15 days of the notice, Plaintiff naturally feared that her

wages were at risk of immediate garnishment.

---

**COMPLAINT FOR DAMAGES**

27. Plaintiff contacted Midland and explained to a representative that Midland's judgment against her was vacated.  The representative replied that according to Midland's records, the "judgment is valid."

28. Against this backdrop of misrepresentations and threats to take legal action against Plaintiff, including wage garnishment—without the intention or ability to take that action, Plaintiff had no choice but to file this lawsuit.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)
### Against All Defendants

29. In numerous instances, in connection with the collection of a debt, Midland directly or indirectly used false, deceptive, or misleading representations or means, in violation of the FDCPA, 15 U.S.C. § 1692e, including but not limited to:

    a. Falsely representing or implying that nonpayment of a debt will result in the seizure or garnishment of Plaintiff's wages, when such action is not lawful or when Midland had no intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4).

1      b.Threatening to take action that Midland did not intend to take, such as

2          garnishing Plaintiff's wages, in violation of Section 807(5) of the

3

4          FDCPA, 15 U.S.C. § 1692e(5).

5                  **PRAYER FOR RELIEF**

6       WHEREFORE, Plaintiff prays that judgment be entered against

7

8 Midland for:

9       A) An award Statutory damages of $1,000 pursuant to 15 U.S.C. §

10          1692k(a)(2)(A), for Plaintiff;

11

12       B) An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1)

13       C) An award of reasonable attorneys fees and costs pursuant to 15

14

15          U.S.C. § 1692k(a)(3);

16       D) Order for preliminary and permanent injunctive relief prohibiting

17          Midland from continuing to threaten to garnish or garnish

18

19          Plaintiff's wages and from continuing to violate the FDCPA and

20          Rosenthal Act; and

21       E) Any and all other relief that the Court deems just and proper.

22

23                  **TRIAL BY JURY**

24       Pursuant to the Seventh Amendment to the Constitution of the United

25

26 States of America, Plaintiff hereby demands a trial by jury on all issues so triable.

27

28               **COMPLAINT FOR DAMAGES**

1  |  DATED:  July 16, 2016

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PBN LAW GROUP**
**A PROFESSIONAL CORPORATION**

By: _____
        Phillip B. Nghiem, Attorney for
        Plaintiff Cynthia Loppe

**COMPLAINT FOR DAMAGES**

9